LEXINGTON ICE & COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42220. Promulgated May 28, 1931.

*E. S. Parker, Jr., Esq.*, for the petitioner.
*Eugene Harpole, Esq.*, for the respondent.

OPINION.

SEAWELL: The Commissioner determined a deficiency in income and profits tax against the petitioner for the year 1926 in the amount of $2,796.65. This is the result of the respondent's determination that the sale of certain of the petitioner's assets to the Southeastern Ice Utilities Corporation was made before liquidation of the peti-

tioner's affairs and not thereafter as maintained and contended for by the petitioner. Under the stipulation of facts this, the sole issue involved herein becomes a mere question of law.

On November 6, 1926, the petitioner corporation had six stockholders, of whom five constituted its board of directors. T. S. Eanes was the principal stockholder, owning 122 shares out of a total of 165 shares of the stock, and was secretary and treasurer and was in the active management and control of its property. On that day, November 6, 1926, all the stockholders met and by unanimous resolution instructed the board of directors to take action looking to the liquidation of the corporation; and thereafter on the same day, the board of directors met and unanimously adopted a resolution under which it was provided that the corporation was to cease operation on December 14, 1926; T. S. Eanes was appointed agent for the stockholders and directed to receive " all assets in kind " from the corporation, and Eanes was instructed to make disposition of the assets in his discretion. The officers of the corporation were instructed to make deed for the real estate owned by it either to T. S. Eanes, agent for the stockholders, or direct to such party as he might name. Eanes was directed to pay to the stockholders liquidation dividends as the funds should become available. The resolution in full is as follows:

Resolved, that the Lexington Ice & Coal Co. cease operations as a corporation on December 14, 1926 and that Mr. T. S. Eanes is hereby appointed as agent for the stockholders to receive all assets in kind from said corporation and that he is hereby instructed to make such disposition of the said assets as he may see fit. That the officers of the corporation are hereby instructed to make deed to the real estate either to T. S. Eanes, Agent, for the stockholders or direct to any party named by the said Mr. Eanes.

Liquidation dividends shall be paid by Mr. Eanes as funds become available, to the stockholders of record at date of dissolution according to their various holdings.

After the adoption of the resolutions of November 6, 1926, we have no record of any other meeting of either the stockholders or board of directors and have no reason to suppose that such was held.

On November 16, 1926, ten days after the adoption of the resolution set out above, T. S. Eanes (signing in his individual capacity) entered into a contract with the Southeastern Ice Utilities Corporation to sell and deliver to it certain property therein described which, with minor exceptions, embraced all the assets of the petitioner, in which contract the said T. S. Eanes covenanted to secure appropriate and satisfactory title deeds and bills of sale therefor.

On December 11, 1926, said T. S. Eanes, trustee, executed and delivered to the Southeastern Ice Utilities Corporation a bill of sale for the property described and mentioned in the contract of November 16, 1926, and being further described in the bill of sale as " being

the property formerly owned by the Lexington Ice & Coal Company." On the same day, December 11, 1926, said T. S. Eanes as secretary and A. M. Neese as president executed in the name of the Lexington Ice & Coal Company and delivered to the Southeastern Ice Utilities Corporation a deed for the real estate mentioned in the contract of November 16, 1926, and the bill of sale of T. S. Eanes of December 11, 1926; and on the same day, December 11, 1926, the said A. M. Neese as president and T. S. Eanes as secretary executed in the name of the Lexington Ice & Coal Company and delivered to the Southeastern Ice Utilities Corporation a bill of sale of the personal property mentioned in said contract of November 16, and bill of sale of T. S. Eanes.

The amount paid for the property so conveyed to the Southeastern Ice Utilities Corporation, $38,500, was paid in 1926 by check payable in the name of the petitioner and deposited in bank in its name and paid out by checks in its name, first to creditors and then ratably to the stockholders of the corporation, and the corporation was finally dissolved in May, 1927.

The principles of law applicable to this case are comparable to those involved in *Robert C. Rogers*, 12 B. T. A. 816, where it is recorded that in an informal meeting of the stockholders of Robert C. Rogers Company, Inc., the minority stockholders transferred their stock to Robert C. Rogers " with the understanding that he would take over the assets of the corporation and thereafter conduct the business as an individual." In that case it was held that:

Regardless of the lack of formality attending the transfer of the assets of the Robert C. Rogers Co., Inc., to the petitioner on July 31, 1919, the action was, in our opinion, clearly sufficient to vest in the petitioner title to such assets subject to the corporation's debts, and the corporation from that date was only an empty shell.

It is urged, however, by the respondent, that in the instant case the corporation made, by its own deed and bill of sale, the transfers to the purchaser. This same circumstance and condition also prevailed in the case of *W. P. Fox & Sons, Inc.*, 15 B. T. A. 115, and for apparently the same reason prevailing in the instant case, and there it was said:

\* \* \* the transfer was an act in effecting a liquidation and was made direct to Tolman, Dow & Co., Inc., instead of to the stockholders merely for the purpose of avoiding the expense of a double transfer.

The respondent urges upon our consideration as determinative of the issue here involved the decision in *Southern Ice & Fuel Co.*, 10 B. T. A. 1213. In that case one Morris, the principal stockholder of the corporation, after negotiating sale of its assets for the corporation, undertook on new advice received and for economical tax

purposes, to have the assets considered as first transferred to himself, and in pursuance of this policy secured the adoption of a resolution by the directors of the corporation to transfer the assets to him, who was declared in the resolution to be the sole stockholder, upon his surrendering all the stock of the corporation then outstanding. He was not then nor thereafter the sole stockholder and could not surrender all the stock on this account. Contrary to the terms of the resolution, the corporation conveyed its assets not to Morris for surrender of the stock, but direct to the purchaser for the consideration, which was paid to it and with which funds the outstanding stock not held by Morris, but in the hands of minority stockholders who had given Morris an option to purchase, was purchased and paid for by the corporation. In that case Morris received no assets in kind, but only his pro rata part of the proceeds of the sale and any profits which he may have made by reason of his options to purchase minority stock. For these reasons and others which appear in the reported case, while there may be features and situations similar to those in the instant case, the case of *Southern Ice & Fuel Co.*, *supra*, is not authority for the respondent's position. In that case the transfer was unquestionably made by the corporation direct to the purchaser not as a matter of convenience and to save trouble and expense of double transfer, but because the transfer had never been made to Morris, and the resolution upon which his claimed title depended was not followed in the transactions made. The decision appears not applicable and certainly not determinative of the question involved in the instant case.

If the resolution of November 6, 1926, made by the directors of the petitioner meant anything, it was that the assets of the corporation were then turned over and delivered to T. S. Eanes as agent for the stockholders and this was a much more formal transfer than that approved in the case of *Robert C. Rogers*, *supra*. To construe that resolution as other than a transfer of the assets of the corporation in kind to the stockholders in liquidation of the corporation's affairs because the corporation made the deed direct to the purchaser secured by T. S. Eanes, although in conformity to the resolution and in carrying out the details of the transfer the convenience of using the corporation's name was adopted, is to permit mere matters of detail in the consummation of the objects directed by the resolution to override and supersede the resolution itself.

We are of the opinion and so hold that the assets of the petitioner were transferred to T. S. Eanes, agent of the stockholders, before the sale was made to the Southeastern Ice Utilities Corporation.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

SMITH, STERNHAGEN, ARUNDELL, and MURDOCK dissent.