FRED A. HELLEBUSH AND JOHN G. LIPPELMAN, TRUSTEES FOR THE STOCKHOLDERS OF THE BLACKBURN VARNISH COMPANY (DISSOLVED), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAISY O. TURNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN G. LIPPELMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

R. N. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRED A. HELLEBUSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY E. HUDSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37032, 37823–37826, 37905. Promulgated November 5, 1931.

*Frank S. Bright, Esq.*, and *J. D. Cloud, Esq.*, for the petitioners.

*M. J. O'Connor, Esq., B. U. Steele, Esq.*, and *E. L. Updike, Esq.*, for the respondent.

OPINION.

BLACK: At the hearing a motion was made by respondent to dismiss proceeding Docket No. 37032 brought by Fred A. Hellebush and John G. Lippelman, designating themselves as trustees for the stockholders of the Blackburn Varnish Company, petitioners, on the ground that no deficiency had been determined against them as such trustees and that the Board was without jurisdiction.

The deficiency notice from which Fred A. Hellebush and John G. Lippelman appeal in Docket No. 37032 was not addressed to them as trustees, but was addressed to the Blackburn Varnish Company, in its corporate capacity. Their petition is captioned, "Appeal of Fred A. Hellebush and John G. Lippelman, Trustees for the stockholders of the Blackburn Varnish Co. (dissolved)." In their averment in the petition, seeking to show jurisdiction of the Board, petitioners say: " The petitioners are trustees for the stockholders of the Blackburn Varnish Company which was an Ohio corporation with its principal offices at Cincinnati, Ohio, and which was dissolved in June 1927." The deficiency notice was mailed to Blackburn Varnish Company on February 6, 1928, and the petition in Docket No. 37032 was filed with this Board April 5, 1928. The stockholders of a dissolved corporation can only be held liable for the tax of such corporation by reason of being transferees of its assets. Other dockets in this proceeding involve the liability of these stockholders, as transferees, but Docket No. 37032 has nothing

to do with the question of transferees. Docket No. 37032 should, accordingly, be dismissed for lack of jurisdiction, and an order will be entered to that effect. *Coca-Cola Bottling Co.*, 22 B. T. A. 686.

The Commissioner, in his deficiency letter to the corporation Blackburn Varnish Company, disallowed $5,000 of a deduction for legal fees which the corporation had taken on its return filed for the period January 1, 1927, to April 19, 1927. Petitioners admit that this action of the respondent was correct. Therefore, so much of the deficiency as results from respondent's disallowance of this item of $5,000 is no longer in controversy and petitioners admit their liability therefor, as transferees.

The remaining question for us to decide is whether the transactions by which all the assets of the Blackburn Varnish Company, except only cash and accounts and bills receivable, were conveyed to the Cook Paint and Varnish Company, amounted to a sale by the corporation of its assets and therefore the gain therefrom should be taxed to it, or whether the transactions amounted to a distribution in kind by the corporation to its stockholders, resulting in no taxable gain to the corporation.

Respondent in the deficiency notice mailed to Blackburn Varnish Company, cites in support of his action article 548 of Regulations 69, which reads:

ART. 548. *Gross income of corporation in liquidation.*—When a corporation is dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. (See section 282 and articles 1293 and 1294.) Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. No gain or loss is realized by a corporation from the mere distribution of its assets in kind upon dissolution, however they may have appreciated or depreciated in value since their acquisition. (See further articles 622 and 1545.)

Article 547, Regulations 45 (Revenue Act of 1918), is identical with the above quoted regulation and was approved by the court as a reasonable regulation and one which should be given effect, in *Taylor Oil & Gas Co.* v. *Commissioner*, 47 Fed. (2d) 108; certiorari denied, 283 U. S. 862; affirming the Board's decision in *Taylor Oil & Gas Co.*, 15 B. T. A. 609. Articles 548 of Regulations 62 (Revenue Act of 1921) and Regulations 65 (Revenue Act of 1924) are also identical with article 548 of Regulations 69. It seems to us that the facts in the instant case are so similar to the facts in *Taylor Oil & Gas Co.*, *supra*, that we are controlled by the decision of the Board and the court in that case. There, as here, the petitioners contended that by appropriate proceedings the legal title to all the corporation's property had vested in trustees for the benefit of the

creditors and the stockholders of the corporation, and that thereafter when these trustees conveyed the property to the buyer upon payment of the consideration which had been agreed upon, the transaction was a sale by the stockholders and not the corporation and that no taxable gain resulted therefrom to the corporation. The court, in passing upon this contention, said:

* * * Conceding for the purpose of argument that the legal title to the property vested in the trustees by the dissolution, no part of the title passed to the stockholders thereby. The real owner was still the company until such time as its affairs were liquidated, the debts paid and the residue distributed to the stockholders. The profit on the transaction was earned by the corporation and the assessment of the taxes based thereon was valid.

We concur in the disposition of the case made by the Board of Tax Appeals.

A trustee derives his authority from the creator of his trust. This is as true of a trustee in liquidation appointed by the corporation as of any other trustee.

The petitioners in this proceeding admit that their authority as trustees was by reason of a corporate resolution adopted at a corporate meeting of the stockholders held on April 20, 1927. This resolution must have been a corporate act to effect a legal transfer of the corporate property to the trustees and this establishes the fact that the corporation was the creator of the trust. The action taken at the stockholders' meeting April 20, 1927, appointing Hellebush and Lippelman as trustees and conveying to them the corporate property, was a corporate action, and being the act of the corporation, the trustees would necessarily be responsible to and acting for the creator of the trust, even though the stockholders were beneficially interested in the property. The trust was closed when the property was sold, the debts owing the corporation were collected, the debts of the corporation paid, and the money distributed to the stockholders. It was then that the stockholders came into the possession of the proceeds of the property. It is true, of course, that if a corporation really makes distribution of its property in kind to its stockholders, no gain or loss therefrom results to the corporation. If, thereafter, the stockholders sell the property which they have received as a distribution in kind, any gain or loss resulting from such sale would be taxable to them and not to the corporation. But that, in our judgment, is not the situation which we have before us in this proceeding. On the authority of *Taylor Oil & Gas Co.* v. *Commissioner, supra,* we affirm the action of the Commissioner on this issue. Cf. *Southern Ice & Fuel Co.,* 10 B. T. A. 1213; *James Duggan,* 18 B. T. A. 608; *George M. Brady,* 22 B. T. A. 596.

We are aware that the decision we have reached in this proceeding appears to be in conflict with our decision in *Lexington Ice & Coal*

*Co.*, 23 B. T. A. 463. We think our decision in that case was wrong and should not be followed in the future.

Reviewed by the Board.

> *In Docket No. 37032 an order of dismissal will be entered for lack of jurisdiction. In Docket Nos. 37823, 37824, 37825, 37826, and 37905, decision will be entered for the respondent.*

TRAMMELL, dissenting: On the facts, I am unable to agree.

GOODRICH, dissenting: It must be recognized that there are legal and proper means by which the accrual of a tax liability upon the disposition of its assets by a corporation may be avoided. Attempts to adopt such devices must be adjudged strictly upon the facts in each case. I think the facts in this case disclose that petitioners successfully availed themselves of such a method and that, therefore, *Taylor Oil & Gas Co., supra*, need not control our decision here. And because of a divergence of the facts in the *Taylor* case, the case of *Lexington Ice & Coal Co., supra*, and the case at bar, it is my opinion that the *Lexington* case is not in conflict with these other cases, and need not be overruled.

SEAWELL agrees with this dissent.