MRS. GRANT SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. E. HAUSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43300–43302, 43305, 43306. Promulgated October 12, 1932.

*Russell D. Morrill, Esq.,* and *Josiah Willard, Esq.,* for the petitioners.

*J. G. Gibbs, Esq.,* for the respondent.

1180

1182

## OPINION.

BLACK: In Docket No. 43301 it has been stipulated that the liability of petitioner W. E. Hauser as the transferee of the assets of the Smith Securities Company for the year 1924 is $3,567.91. In Docket No. 43305 it has been stipulated that the liability of petitioner Mrs. Grant Smith as the transferee of the assets of the Smith Securities

1184

Company for the year 1924 is $3,567.91. Determination will be made accordingly.

The remaining issues are:

1. Whether or not W. E. Hauser and the estate of Grant Smith received all of the assets of the Smith Securities Company in 1925; and

2. Whether or not the Smith Securities Company had a taxable period from January 1 to January 12, 1925, for which it was obliged to file an income-tax return.

We will discuss issue No. 1 first. Petitioners contend that when the corporation, Smith Securities Company, was dissolved January 12, 1925, only the liquid assets were paid over to them and that the remainder of the assets, consisting of stocks in certain closely held corporations, real estate, certain bills receivable, etc., were retained by the trustees for orderly liquidation and that inasmuch as the value of the liquid assets which petitioners received in 1925 was less than the cost of their stock, there was no gain or loss for petitioners to report for 1925. Respondent contends that the entire assets of the corporation were distributed to petitioners January 12, 1925, and that the value of these assets received in liquidation was greater than the cost of the stock and that hence each petitioner is chargeable with the profit on his stock which respondent has found resulted from the liquidation.

Section 3833 of Remington's Compiled Statutes of Washington provides:

*Power of Trustees upon Dissolution of Corporation.* Upon the dissolution of any corporation formed under the provisions of this chapter, the trustees at the time of the dissolution shall be trustees of the creditors and stockholders of the corporation dissolved, and shall have full power and authority to sue for and recover the debts and property of the corporation by the name of the trustees of such corporation, collect and pay the outstanding debts, settle all its affairs and divide among the stockholders the money and other property that shall remain after the payment of the debts and necessary expenses.

The decree of the Superior Court of Washington dissolving the Smith Securities Company recited:

It is therefore now ORDERED, ADJUDGED AND DECREED that the said corporation be and the same is hereby dissolved and the assets of said corporation shall be held by said three trustees above named to be divided among the stockholders above named according to their said respective interests.

It is well established that the mere dissolution of a corporation does not effect a distribution of its assets among its stockholders, and furthermore that such a distribution is not effected by the turning over of the assets of the corporation to trustees in liquidation who may also be stockholders of the corporation.

The case of *Wells Fargo Bank & Union Trust Co.* v. *Blair*, 26 Fed. (2d) 532, involved the question of whether or not the assets of a California corporation were received by its stockholders in 1919 or 1920. A decree of dissolution of the corporation was entered on December 30, 1919, and filed with the Secretary of State of California on the following day. The decree directed the board of directors " to settle all of the affairs of the said corporation and to distribute and convey all the property and assets of said corporation to its stockholders in proportion to their respective interests." In January, 1920, the directors, acting as liquidating trustees, sold the assets of the corporation. Under decisions of the California courts, title to the assets of a dissolved corporation vests not in the trustees, but in the stockholders. The court held that, in spite of such decisions, there was no liquidation until the property was actually transferred to the stockholders and that, accordingly, the stockholders had not received these assets until 1920.

Respondent in his brief admits the force of *Wells Fargo Bank & Union Trust Co.* v. *Blair, supra,* and concedes that when the liquidating trustees, Hauser, Colman and Mrs. Grant Smith, took charge of the property of the corporation after the order of dissolution, it did not amount to a distribution of the property to the stockholders of the corporation, but respondent contends that, when the liquidating trustees entered into a trust agreement with the Metropolitan National Bank of Seattle, by which it was agreed that the bank should complete the liquidation, which arrangement was concurred in by the administrators of the estate of Grant Smith, deceased, and by the two beneficial owners of the assets of said corporation, this was a turning over of the assets of the corporation to the two stockholders, Hauser and Mrs. Grant Smith, and that although they did not actually receive these assets in 1925, they constructively received them in that year. Hence the transaction was taxable to petitioners. We do not agree with respondent's contention. We view the trust instrument entered into by the liquidating trustees with the bank as largely one of convenience by which the bank, because of its superior facilities, was to complete the liquidation, turning over to the stockholders of the corporation the proceeds resulting from sales as fast as it was expedient to do so. Until the stockholders actually received the assets or the proceeds resulting from the sale thereof, there was no receipt by them.

Article 548 of Regulations 69 (Revenue Act of 1926), reads as follows:

ART. 548. *Gross income of corporations in liquidation.*—When a corporation is dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the

**1186**

stead of the corporation for such purposes. (See Section 282 and Articles 1293 and 1294). Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. * * *

Article 547 of Regulations 45 (Revenue Act of 1918) is identical with the above quoted regulation and was approved by the court, as a reasonable regulation and one which should be given effect, in *Taylor Oil & Gas Co.* v. *Commissioner*, 47 Fed. (2d) 108 (certiorari denied, 283 U. S. 818, affirming the Board's decision in 15 B. T. A. 609. In that case, upon dissolution of the corporation, the stockholders authorized the president and directors to act as liquidating trustees. After a sale of the assets under that authorization, the question arose whether it was a sale by the corporation, or by the stockholders, on the theory that the assets had been distributed to them. The court said in part:

It is contended by petitioners that the legal title to the property vested in the president and directors as trustees by operation of law immediately upon the consummation of the necessary steps to effect the dissolution, and that the sale of the property made thereafter was for the benefit of the creditors and stockholders and not for the company. Conceding for the purpose of argument that the legal title to the property vested in the trustees by the dissolution, no part of the title passed to the stockholders thereby. The real owner was still the company until such time as its affairs were liquidated, the debts paid and the residue distributed to the stockholders.

We followed *Taylor Oil & Gas Co.* v. *Commissioner, supra*, in *Hellebush et al., Trustees*, 24 B. T. A. 660, and again approved the Commissioner's regulations above referred to. If said regulations were applicable in *Taylor Oil & Gas Co.* v. *Commissioner, supra*, and in *Hellebush et al., Trustees, supra*, we see no reason why they should not be applicable and controlling in the present proceeding. On authority of the cases above cited, we hold in favor of petitioner and against respondent on Issue No. 1.

We will next discuss Issue No. 2. Section 239 of the Revenue Act of 1926, relating to the filing of income-tax returns by corporations, is printed in the margin.[1]

Article 622 of Regulations 69 (Revenue Act of 1926), relating to returns filed by receivers or trustees in dissolution, etc., reads as follows:

ART. 622. *Return by receivers.*—Receivers, trustees in dissolution, trustees in bankruptcy, and assignees, operating the property or business of corporations,

---

[1] Sec. 239. (a) Every corporation subject to taxation under this title shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. * * * In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporation of whose business or property they have custody and control.

must make returns of income for such corporations on Form 1120, covering each year or part of a year during which they are in control. Notwithstanding that the powers and functions of a corporation are suspended and that the property and business are for the time being in the custody of the receiver, trustee, or assignee, subject to the order of the court, such receiver, trustee, or assignee stands in the place of the corporate officers and is required to perform all the duties and assume all the liabilities which would devolve upon the officers of the corporation were they in control. * * *

Under section 239 (a), Revenue Act of 1926, printed in the margin, and article 622, above quoted, the trustees in dissolution of the Smith Securities Company should have filed a return for the corporation covering the entire calendar year 1925. Instead, the stipulation of facts shows that the return which they filed on Form 1120 covered the period January 12, 1925, to December 31, 1925. This was wrong. But there is no warrant in law for the Commissioner's action in computing a deficiency for the period January 1 to January 12, 1925, liquidation of the corporation not having been completed by January 12, 1925, but extending throughout and beyond 1925. If there is any deficiency for 1925 it must be for the entire calendar year, and the Commissioner has made no such determination. Of course, if we had sustained the Commissioner's contention that liquidation of the Smith Securities Company was completed January 12, 1925, his action in computing a deficiency for that period would be correct. But, where a corporation is dissolved during a particular calendar year and its affairs remain in the hands of liquidating trustees for the remainder of the year, we know of nothing in the applicable revenue act and the Commissioner's regulations thereunder which warrants dividing up the calendar year into two taxable periods, viz., the first period covering the time prior to the date of dissolution of the corporation and the second period covering from the time when trustees in liquidation took charge to the end of the calendar year.

In O. D. 821, C. B. 4, p. 279, it was said:

Section 1764, Wisconsin Statutes (1915) provides that the corporate existence of a dissolved corporation shall be continued for the purpose of liquidating its assets and winding up its affairs. It is held, therefore, that profit resulting from the sale of assets of a Wisconsin corporation in process of liquidation is subject to income and excess profits taxes in the same manner as profits derived from the active operation of the corporation.

* * * * * * *

Therefore, the responsibility for filing appropriate returns for the corporation and paying taxes shown thereby to be due devolves upon the trustees in liquidation or such other legal administrators as have charge of the property and affairs of the corporation during the period of liquidation. They must make returns of income for such corporation in the same manner and form as an active corporation. Conversely, they are not required to file returns as fiduciaries.

**1188**

See also O. D. 73, C. B. 1, p. 235; O. D. 873, C. B. 4, p. 308; I. T. 1814, C. B. II-2, p. 210.

The above citations are in conformity with the applicable statutes, we think, and hence we hold in favor of petitioners on Issue No. 2.

If the Smith Securities Company owes a deficiency for 1925, the Commissioner must determine it for the entire calendar year 1925 and not for the 12-day period January 1 to January 12, 1925.

In Docket No. 43306 it was stipulated:

> If it is determined by the Board of Tax Appeals that the Smith Securities Company was liquidated and all of its assets distributed to its stockholders in 1925, then the deficiency determined by the respondent in Docket No. 43306 is correct.
>
> If it is determined by the Board of Tax Appeals that the Smith Securities Company was not liquidated nor all of its assets distributed to its stockholders in 1925, then there is no deficiency due in said appeal filed under Docket No. 43306.

Since we have held that the Smith Securities Company was not completely liquidated in 1925, we hold, in conformity with the foregoing stipulation, that there is no deficiency in Docket No. 43306.

Reviewed by the Board.

> In *Docket No. 43306 decision will be entered for the petitioner. In Docket Nos. 43300, 43301, 43302, and 43305 decision will be entered under Rule 50.*