PARAFFINE OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

RELIANCE OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24453, 28330, 28331, 29034.   Promulgated May 31, 1933.

*Fred R. Angevine, Esq.*, for the petitioners.
*P. M. Clark, Esq.*, for the respondent.

#### OPINION.

Sмiтн: We will first consider the issue as to whether the deficiencies are barred by the statute of limitations.

Regarding the Reliance Oil Co., the record shows that its returns for the year 1917 were filed on April 30, 1918. The respondent, under section 250 (d) of the Revenue Act of 1921, had until April 30, 1923, to determine and assess any tax due, unless the parties consented to extend the time to a later date. The unlimited waiver filed February 26, 1921, extended such time to April 1, 1924. *Henry M. Leland*, 8 B.T.A. 974. Prior to April 1, 1924, and prior to each extended date thereafter, as set out in our findings, valid waivers or consents in writing were filed under the provisions of section 250 (d) of the Revenue Act of 1921, and section 278 (c) of the Revenue Acts of 1924 and 1926, extending the time for assessment past the date on which the deficiency notice was mailed. In accordance with the foregoing, together with the specific provisions of the waiver filed October 28, 1926, which we have quoted in our findings, and section 277 (b) of the Revenue Act of 1926, the assessment and collection of any deficiency against the Reliance Oil Co. for the year 1917 is not barred. Cf. *Old Farmers Oil Co.*, 12 B.T.A. 203.

In the case of the Paraffine Oil Co. the situation is the same as in the Reliance Oil Co., except that as far as the record shows the respondent permitted the statute to expire on February 23, 1924, and again on April 30, 1924. However, the waivers executed on

March 12, 1924, and February 10, 1925, being executed prior to the passage of the Revenue Act of 1926, were effective to revive and extend the statute which had theretofore tolled. *Stange* v. *United States*, 282 U.S. 270. We, therefore, hold that the assessment and collection of any deficiency against the Paraffine Oil Co. for the year 1917 is not barred.

On the merits petitioners contend that there were no sales of assets by petitioners to the Humble Oil & Refining Co., as determined by the respondent, but rather that there were, in effect, distributions in kind of such assets to petitioners' stockholders, resulting in no taxable gain to petitioners.

Petitioners concede in their brief that the resolutions adopted at the meeting of petitioners' stockholders on April 3, 1917, refer to proposed sales by petitioners to the new enterprise, but contend that this plan was abandoned, as evidenced by the individual subscriptions to the stock of the new corporation by the stockholders of petitioners, and that the direct transfer by petitioners of the assets in question to the new enterprise was merely to avoid the expense and certain other inconveniences (such as probate court, trusteeship and guardianship proceedings where the stock of petitioners was held by trustees and minors) of a double transfer. Petitioners further contend that nothing was actually or constructively received by or accrued to petitioners from the transactions in question, citing in support of such contention *W. P. Fox & Sons, Inc.*, 15 B.T.A. 115, where the Board had before it a situation somewhat similar to the one here involved.

We followed the *Fox* case in *Lexington Ice & Coal Co.*, 23 B.T.A. 463, but renounced that holding in our more recent decision in *Fred A. Hellebush et al., Trustees*, 24 B.T.A. 660. The *Lexington* case was reversed by the Circuit Court of Appeals for the Fourth Circuit, *Burnet* v. *Lexington Ice & Coal Co.*, 62 Fed. (2d) 906, in which the court said in part:

As recited above, the Board of Tax Appeals in the case of *Hellebush et al. Trustees* v. *Commissioner, supra*, has reversed this decision in the instant case and decided that a sale made under similar circumstances was a sale by the company. A similar question was before the Circuit Court of Appeals of the Fifth Circuit in *Taylor Oil & Gas Co.* v. *Commissioner*, 47 F. (2d) 108, (certiorari denied, 283 U.S. 862), where the court said:

" Conceding for the purpose of argument that the legal title to the property vested in the trustees by the dissolution, no part of the title passed to the stockholders thereby. The real owner was still the company until such time as its affairs were liquidated, the debts paid, and the residue distributed to the stockholders. The profit on the transaction was earned by the corporation, and the assessment of the taxes based thereon was valid."

We agree with the conclusion reached in the *Taylor Oil & Gas Co.* case and by the Board of Tax Appeals in its more recent decisions that the sale was a sale by the taxpayer company and the profits were properly taxable.

To the same effect see *Nibley-Mimnaugh Lumber Co.*, 26 B.T.A. 978; *Boggs-Burnam & Co.*, 26 B.T.A. 988; *Mrs. Grant Smith*, 26 B.T.A. 1178; and *S. A. MacQueen Co.*, 26 B.T.A. 1337.

In the instant proceedings the resolutions adopted on April 3, 1917, clearly indicate that petitioners contemplated selling the assets in question to the new enterprise. The resolutions adopted on May 15, 1917, recited that the new corporation was being formed " upon the plan outlined and explained at a meeting of the stockholders * * * held * * * April 3rd, 1917 * * *." The instruments conveying the assets to the new enterprise recited that petitioners received good and valuable considerations for the assets " granted, sold, transferred and assigned " to the new concern. Each petitioner conveyed title to the assets sold to the vendees; that was the sale (Cf. *Charles W. Dahlinger*, 20 B.T.A. 176), the transaction producing the asserted gain. The assets of these petitioners were not distributed to or conveyed by their stockholders. The stockholders could cause the conveyance to be made, but they could not make the conveyance. Furthermore, there was no liquidation of either petitioner and we cannot ignore the formal corporate acts in making the conveyances, even although the consideration for the conveyance was distributed directly to the petitioners' stockholders. Cf. *E. H. Nielsen Co.*, 26 B.T.A. 223.

Upon the entire record, and in line with the more recent decisions referred to above, we think the substance of the transactions here involved is a sale by each petitioner of certain of its assets to the new corporation, rather than distributions in kind to petitioners' stockholders. The respondent's determinations are approved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*