OPINION. Black, Judge: The question we have to decide in this proceeding is whether the profits of the business of J. M. Henson Co. from August 1,1943, to the end of the year are taxable to Mrs. Henson, as petitioner contends, or are taxable to petitioner, as respondent contends. Although no inventory was taken at the time of the gift from petitioner to his wife and closing entries were not made at that time, the certified public accountant for the company computed the net income of the business from January 1 to August 1, 1943, and also the net income of the business from August 1, 1943, to the end of the year. Respondent has not questioned the reasonable accuracy of the method used and, if we should hold that the income of the J. M. Henson Co. is taxable to Mrs. Henson from August 1,1943, to the end of the year, he does not raise any question as to the correctness of the amount which has been apportioned to Mrs. Henson. He does contend, however, that after the gift to Mrs. Henson on August 1, 1943, petitioner, the donor, had such dominion and control over the assets and income of the business as to make the income taxable to petitioner under the doctrine of the Supreme Court in such cases as Lucas v. Earl, 281 U. S. 111; Helvering v. Clifford, 309 U. S. 331; and the more recent cases of Lusthaus v. Commissioner, 327 U. S. 293, and Commissioner v. Tower, 327 U. S. 280. Petitioner’s contention is that on August 1, 1943, he made a completed gift of the business of the company to his wife and, therefore, the profits of the business from that date were no longer taxable to him. Petitioner devotes a considerable part of his brief to a discussion of authorities which lay down rules for determining when a completed gift has been made. He quotes from the leading case of Edson v. Lucas, 40 Fed. (2d) 398, on the subject of gifts, as follows: After a gift is once complete and the title has passed to the donee, the fact that the donor subsequently has possession of the property given does not affect the validity of the gift. Garrison v. Union Trust Go.,, supra; Adams v. Bagerott, supra. The retention by the donor of some beneficial interest in the property or some right to share in the income or proceeds therefrom, which is not inconsistent with the passing of the full legal title or with the immediate possession and control of the property by the donee, does not defeat the gift. Northern Trust Co. v. Swartz, 309 Ill. 586, 141 N. E. 433; Eaton v. Blood, 201 Iowa 834, 208 N. W. 508, 44 A. L. R. 1516 and note; Gandee v. Connecticut Savings Bank of New Haven, 81 Conn. 372, 71 A. 551, 22 L. R. A. (N. S.) 568. * * * We are not disposed to question that petitioner made a sufficient transfer to his wife on August 1, 1943, of the assets and business of J. M. Henson Co. to justify the imposition of the gift tax. The petitioner filed a gift tax return in which he reported the gift and paid tax thereon, and respondent has determined a deficiency in petitioner’s gift tax for 1943 based upon a higher valuation than petitioner returned. We do not have that gift tax deficiency before us, and we make no attempt to decide it. We do deem it appropriate to state, however, that, as we understand respondent’s contention, it is not made upon the basis that petitioner did not make a taxable gift to his wife in 1943, but it is made upon the proposition that, notwithstanding the gift, petitioner retained such dominion and control over the subject matter of the gift as to make him taxable with the profits of the business. Cf. James A. Hogle, 7 T. C. 986; affd., 165 Fed. (2d) 352; Barbara M. Lockard, 7 T. C. 1151; affd., 166 Fed. (2d) 409. Bespond-ent cites the Clifford case and the Lusthaus and Tower cases, all supra, in support of his contentions; also other Supreme Court cases which have dealt with subjects closely akin to the questions involved in those cases. We shall not indulge in a detailed discussion of those cases and what they hold. They are familiar cases and require no discussion at this particular time. Bespondent cites a recent Tax Court case which we think is very closely in point. It is the case of Robert E. Werner, 7 T. C. 39. In that case the facts were briefly these: The taxpayer was doing business as a sole proprietor in Detroit under the name of Equipment Co. and furnished money to purchase a factory building and machinery in Indiana, title to which was taken in his wife’s name. The Indiana concern was named Tri-State Tool Works and a certificate was filed stating that taxpayer’s wife was sole proprietor thereof. Taxpayer’s wife had been a registered nurse, had little or no business experience, knew very little about the technicalities of the business, and did not control or manage Tri-State’s operations. Equipment Co. made all disbursements for Tri-State; materials and equipment required by Tri-State were ordered through Equipment Co.; Equipment Co. purchased all Tri-State’s output; Tri-State had no bank account; Tri-State’s profits for the taxable year existed only as a credit entry on Equipment’s books. Under the foregoing facts, we held that TriState’s profits for 1941 were taxable to Werner, whose experience and organization created them, rather than to his wife, who had no business experience and took no part in the management of the business. We think that on the authority of the Werner case we must hold that under the facts of the instant case petitioner was taxable on the income of the J. M. Henson Co. from August 1, 1943, to the end of the year, rather than his wife, who had no business experience and took no part in the management of the business. Cf. Albert Nelson, 6 T. C. 764. It is true, of course, that there are certain differences in the facts of the Werner case from those of the instant case, but we do not think these differences are enough to justify opposite results in the two cases. Neither party has cited Simmons v. Commissioner, 164 Fed. (2d) 220. That case was decided after the briefs in the instant case were filed. However, we think it is appropriate that we take some note of that case. In the Simmons case the Circuit Court held with respect to the taxable year 1943 that in those cases in which the original partners transferred to their wives parts of fractional partnership interests, the wives did not become partners for income tax purposes. It also held, however, that in those cases in which prior to the taxable year the original partners severed all partnership connections by conveying to their wives their entire partnership interests, the wife in each instance became the sole owner of the interest and was a valid partner in the partnership for income tax purposes. In making this latter holding the court said: The gift of only a part of his interest left undisturbed the taxpayer’s economic interest in the partnership. Thereafter as before, he had the same supervision and control; he still continued to speak for the joint interest. But the gift of his whole interest removed the petitioner altogether from the partnership. Following the transfer the taxpayer had no vestige of right or control in the partnership, and it is undisputed that he in fact exercised none. [Emphasis supplied.] It can not be said that petitioner, after the execution of the written assignment of the assets of the company to his wife on August 1,1943, exercised no further dominion over the business. As a matter of fact the evidence shows that during the remainder of the year 1943 the business went on substantially the same as before, with petitioner in full directing charge. The facts which show this are fully stated in our findings, of fact and need not be here repeated. It is sufficient to say that, when these facts are weighed and considered, we do not think that our holding herein that the income of the business of J. M. Henson Co. for the period here in question is taxable to petitioner is in conflict with anything that the court held in Simmons v. Commissioner, supra. We express no opinion as to the income of the J. M. Henson Co. business in 1944 — we do not have that year before us. Reviewed by the Court. Decision will be entered for the respondent. Van Fossan, /., dissents.