LOUIS VISINTAINER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13850.    Promulgated November 28, 1949.

*Fred A. Videon, Esq.*, and *F. R. Carpenter, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: The first and principal issue here relates to the treatment of the income allocated to and reported by the petitioner's four minor children as earnings attributable to the sheep which the petitioner assigned to them in 1942. There is no question of a family partnership, as petitioner points out in his brief. There was never any partnership agreement or any arrangement whereby petitioner and the children were to operate the ranch as a joint venture. The petitioner simply undertook to convey to each of his four children by a bill of sale a certain number of sheep, comprising altogether about one-third of the entire herd, with the expectation that a proportional part of the income from the ranch would belong to the children and be taxable to them. While the petitioner denies that tax avoidance was his chief motive in making the assignment to the children, he admits that he was aware of the tax savings that were expected to be accomplished. The circumstances leave little doubt in our minds that in effect, if not in design, the whole arrangement was nothing more than a reallocation of income in the family group. It resulted in no material change in the economic status of either the petitioner or the children. The petitioner continued to run the business as a unit, or as a joint venture with his brother-in-law, just as he had done before the assignments were made. He paid all of the expenses initially, although he later allocated some of them to the children, and handled all of the sales of wool and lambs. He deposited all of these proceeds in his individual bank account and kept them under his control and subject to his own use at all times. Except for the entries in the books kept by petitioner's wife, the children had no claim to any of the income.

The ranch profits were attributable for the most part to the management of the business as a whole and the care of the sheep. The two principal products sold were wool and lambs. The ewes, which were the subject matter of the alleged gifts, were not sold except as culls.

There is no evidence as to how many of these were sold in any of the years. In the assignments to the children the ewes were valued at only $10 a head, while, according to the petitioner's estimate used in allocating the expenses, the cost of running them amounted to between $8 and $9 a head in each of the taxable years. The petitioner testified in this proceeding that the yearly cost of running sheep was anywhere from $10 to $20 a head. There is no evidence before us as to what return, on a percentage basis or otherwise, an owner of sheep might be able to realize from the sale of wool and lambs produced by them, merely by reason of such ownership and without contributing to the care and feeding of the herd or the management of the business.

It is fundamental in the tax law that income must be taxed to the person who earns it. *Helvering* v. *Horst*, 311 U. S. 112; *Harrison* v. *Schaffner*, 312 U. S. 579. In *Doll* v. *Commissioner*, 149 Fed. (2d) 239, affirming 2 T. C. 276; certiorari denied, 326 U. S. 725, the Court said:

* * * Since tax liability on income from capital is based on ownership, the criterion there has to do with possession of attributes of ownership by the taxpayer—such as control by (*Harrison* v. *Schaffner*, 312 U. S. 579, 580; *Helvering* v. *Horst*, 311 U. S. 112, 119; *Helvering* v. *Clifford*, 309 U. S. 331, 335; *Corliss* v. *Bowers*, 281 U. S. 376; 378) or benefits to him (*Helvering* v. *Horst*, 311 U. S. 112, 119; *Douglas* v. *Willcuts*, 296 U. S. 1, 9). Where the income is from labor, a test is who "earned" the income (*Helvering* v. *Horst*, 311 U. S. 112, 119; *Lucas* v. *Earl*, 281 U. S. 111, 114; and see *Commissioner of Internal Revenue* v. *Laughton*, 9 Cir., 113 F. (2d) 103). Where the income is from combined labor and capital a test is the personality who or which "produced" the income (*Burnet* v. *Leininger*, 285 U. S. 136, 141).

It seems to us that it would require a complete disregard of the realities of the situation here to say that the income in dispute was earned not by the petitioner himself, but by the children.

We held in *Robert E. Werner*, 7 T. C. 39, that the entire income of a machine tool manufacturing business which the taxpayer assigned *in toto* to his wife was taxable to him. We said:

* * * In our view of the instant case the "income in question was essentially created by the use of Tri-State's assets in conjunction with talents, skill, experience, and organization originating with and controlled by the petitioner. The bare legal title to such assets, we think, was not the essential element in the production of such income under the circumstances.

That case was followed in *J. M. Henson*, 10 T. C. 491, where the facts were said to be indistinguishable. The *Henson* case was reversed by the United States Court of Appeals for the Fifth Circuit in *Henson* v. *Commissioner*, 174 Fed. (2d) 846. The court took the view that the wife was entitled to, and was, therefore, taxable on, the entire income of the business because of her "undisputed and absolute ownership" of it, by virtue of the gift from her husband.

We venture no opinion here as to whether, on like facts, we would be willing to accept the views of the court as expressed in the *Henson*

case. The facts in the instant case differ in that here the petitioner assigned to his minor children not the whole of his ranching business, or portions of the whole, but fractional interests in only one of several types of capital used in the business. It was the kind of transfer that comprised the initial step in the formation of the family partnership in *Commissioner* v. *Tower*, 327 U. S. 280, and similar cases. The petitioner here stopped one step short of the usual family partnership arrangement, the execution of the partnership agreement. It would require strange reasoning indeed to permit the circumvention of the rule of the *Tower* case by the simple expedient of stopping just short of the point which the Supreme Court has marked as within the tax zone.

We think the respondent correctly determined that all of the income allocated to the children is includible in petitioner's individual returns.

In computing petitioner's income for the short period January 1 to October 21, 1942, the respondent annualized petitioner's income in accordance with the provisions of section 47 (c) (1), Internal Revenue Code. The petitioner contends that the respondent should have computed his income under section 47 (c) (2). The methods of computation under each of these subsections are described therein as follows:

(c) INCOME PLACED ON ANNUAL BASIS.—

(1) GENERAL RULE.—If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made (referred to in this subsection as "the short period"), shall be placed on an annual basis by multiplying the amount thereof by twelve, and dividing by the number of months in the short period. The tax shall be such part of the tax computed on such annual basis as the number of months in the short period is of twelve months.

(2) EXCEPTION.—If the taxpayer establishes the amount of his net income for the period of twelve months beginning with the first day of the short period, computed as if such twelve-month period were a taxable year, under the law applicable to such year, then the tax for the short period shall be reduced to an amount which is such part of the tax computed on the net income for such twelve-month period as the net income computed on the basis of the short period is of the net income for the twelve-month period. * * * *The benefits of this paragraph shall not be allowed unless the taxpayer, at such time as regulations prescribed hereunder require (but not after the time prescribed for the filing of the return for the first taxable year which ends on or after twelve months after the beginning of the short period), makes application therefor in accordance with such regulations.* Such application, in case the return was filed without regard to this paragraph, shall be considered a claim for credit or refund with respect to the amount by which the tax is reduced under this paragraph. The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary for the application of this paragraph. [Emphasis supplied.]

The statute clearly provides that the benefits of this paragraph shall not be allowed unless the taxpayer makes application therefor in ac-

cordance with the regulations. The petitioner did not make application for the benefits of subsection 47 (c) (2) in accordance with the Commissioner's regulations or otherwise. His failure to do so is not explained. In any event, this Court is powerless to aid him. The filing of the application is a condition precedent which we have no authority to waive.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN, *J.*, concurs only in the result.