WILLIAM S. BEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19959.    Promulgated June 14, 1950.

*J. E. Rappaport, Esq.*, for the petitioner.
*W. Herdman Schwatka, Esq.*, for the respondent.

1148

OPINION.

ARNOLD, *Judge*: This is a companion case to Willis H. Vance, 14 T. C. 1168. Counsel stipulated at the hearing that the two cases should be heard together and the evidence therein considered applicable to the respective petitioners to the extent that the Court decides, subject to objections to competency and materiality.

Respondent contends that petitioner's participation in the conduct of the business of the Ohio and State theatres partnership was the same during 1944, the only year before us, as in the taxable years 1938 to 1944, inclusive, and the distributive share of its income in 1944, viz., $14,241.96, is attributable to him. Respondent says that the purported transfer (of petitioner's interest in the business of the two theatres to his wife) was ineffective for income tax purposes; that this case does not present the usual pattern of family partnerships, but that the difference in pattern does not change the legal effect; that the evidence herein fails to convincingly establish a bona fide family partnership as specified in the *Tower*[2] and *Lusthaus*[3] cases; that the evidence demonstrates conclusively that the instant case is "on all fours" with the *J. M. Henson*[4] case; that the business in 1944 was conducted precisely as it had been since August 1, 1938; that petitioner at no time contributed other than capital to the enterprise; and that the income from the theatres was produced by the assets of the partnership and the experience and specialized knowledge of Willis H. Vance.

The first question is whether petitioner made a bona fide gift to his wife in December, 1942, of his entire proprietary interest in the two theatres which was effective for income tax purposes. The question must be answered in the affirmative. The assignments executed on December 30, 1942, are clear and unequivocal. Petitioner attached no strings or conditions to his gift whereby he could defeat the transfer or recapture the property transferred. The assignments transferred *all* his legal title, right, interest, and control over the assets of the dissolved Willis Vance Ohio Co. and the capital stock of the Monmouth Co. All of the requisites of a valid gift, as prescribed in *Edson* v. *Lucas*, 40 Fed. (2d) 398, were present. We hold that by his assignments petitioner made a valid and unconditional gift, complete and effectual for all purposes. *Henson* v. *Commissioner* (CA–5), 174 Fed. (2d) 846, reversing 10 T. C. 491.

The second question is whether the income is taxable to petitioner even though he made a valid gift. Respondent concedes that this case does not present the usual family partnership pattern. We agree. The usual family partnership pattern is to bring some member or members of the immediate family into the partnership in order to dilute the transferor's interest, but without diminishing his authority, dominion, or control over the business or assets. See *Tower* and *Lusthaus* cases, *supra*. There was no mere dilution of petitioner's interest here; he completely divested himself of all proprietary interests and rights in the partnership and its assets. Nor is there any resemblance here to the family partnership pattern in the retention of

---

[2] *Commissioner* v. *Tower*, 327 U. S. 280.

[3] *Lusthaus* v. *Commissioner*, 327 U. S. 293.

[4] *J. M. Henson*, 10 T. C. 491.

authority, dominion, or control over the partnership or its income-producing assets. Respondent requested, and we have found as a fact, that this petitioner devoted no time to the management, control, or operation of two theatres before or after December 30, 1942.

It is suggested, however, that the difference in the family partnership pattern does not change the legal effect, and that petitioner's evidence does not convincingly establish that he had met the requirements of a bona fide family partnership as specified in the *Tower* and *Lusthaus* cases, *supra*. This suggestion we can not accept. In our opinion it is this very difference in the pattern that removes this case from the family partnership line of authorities. Petitioner and Willis H. Vance were partners until the end of 1942. Neither petitioner nor Willis H. Vance was a partner in the economic business unit that operated from and after January 1, 1943. The new partnership was composed of parties who had no proprietary right or interest in the business or its operation prior to December 30, 1942.

The facts show that Esther C. Bein and Mayme C. Vance acquired equal interests in the two theatres prior to January 1, 1943, and thereafter operated the theatres as partners within the meaning of section 3797 (a) (2), Internal Revenue Code.[5] Esther Bein exercised dominion and control over her interest by risking it in a business venture with Mayme C. Vance, the owner of the other half interest in the income-producing assets. The partners employed an accountant who specialized in theatre accounts to manage their office affairs. The partners employed a house manager for each theatre, who was responsible for the day to day operation of the theatre. They employed a general manager, Willis H. Vance, who bought and booked the film for the theatres. Our findings show the services rendered by Willis H. Vance when he was a partner, and the services rendered by him as an employee of the new enterprise. Our findings also show that petitioner devoted no time to the conduct of the business before or after the assignments. It can not be said therefore, that he earned the partnership income or any part thereof, or is taxable thereon by reason thereof.

Respondent contends that this case is "on all fours" with our decision in *J. M. Henson, supra*. He urges us to follow our own decision therein and to refuse to follow the reversal thereof by the Circuit Court. We can not agree that this case is "on all fours" with our *Henson* case. There, we affirmed respondent's contention that, not-

---

[5] (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

   \*       \*       \*       \*       \*       \*       \*

(2) PARTNERSHIP AND PARTNER.—The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization.

withstanding the gift, the taxpayer therein retained such dominion and control over the subject matter of the gift as to make him taxable on the profits of the business. Here the petitioner, as the undisputed testimony of several witnesses shows, had absolutely nothing to do with the operation of the business after December 30, 1942. When he and Vance disposed of their entire proprietary interests their partnership terminated. During 1943 and 1944 a new partnership operated the business. Bein had no vestige of right or control in this new partnership "and it is undisputed that he in fact exercised none." *Simmons* v. *Commissioner* (CCA–5), 164 Fed. (2d) 220, 224.

In the *Vance* case, decided this day, we have discussed and cited decisions by the Supreme Court, by the Courts of Appeal for the Fifth, Sixth, Seventh, Eighth, and Ninth Circuits, and by this Court. The decisions there cited [6] are even more applicable here, for this petitioner, as we have pointed out, never exercised any dominion, control, or management over the partnership business or income during the taxable year. We hold, therefore, that the partnership income received by Esther C. Bein is not taxable to petitioner. Since other adjustments were made in determining the deficiency,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

---

[6] In addition to cases cited herein the *Vance* case cites and discusses *inter alia: Commissioner* v. *Culbertson*, 337 U. S. 733; *Kent* v. *Commissioner* (CA–6), 170 Fed. (2d) 131; *Greenberger* v. *Commissioner* (CA–7), 177 Fed. (2d) 990; *Durwood* v. *Commissioner* (CCA–8), 159 Fed. (2d) 400; *Harris* v. *Commissioner* (CA–9), 175 Fed. (2d) 444; *Clifford R. Allen, Jr.*, 12 T. C. 227; *Arthur A. Byerlein*, 13 T. C. 1085.