Andrew John Williamson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mary M. J. Williamson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 39278, 39279. Filed June 29, 1954.

*Bruce Bishop, Esq.*, for the petitioners.
*Frederick T. Carney, Esq.*, for the respondent.

#### OPINION.

BRUCE, *Judge:* Respondent determined deficiencies in petitioners' income taxes for the short period from March 1, 1946, to December 31, 1946, in accordance with the provisions of section 47 (c) (1) of the Internal Revenue Code. Petitioners contend that these determinations are erroneous. They argue (1) that since the permission of the Commissioner to change accounting periods was not obtained, the period March 1 until the end of February remained the petitioners' correct taxable year and respondent cannot determine a deficiency for an unauthorized period, and (2) that, if the short period from March 1, 1946, to December 31, 1946, is the correct taxable period, then petitioners should be accorded the benefits of section 47 (c) (2) where their failure to properly apply therefor was due to the inadvertence of their accountant.

Where the taxpayer does not properly request the permission of the Commissioner nor obtain his approval to a change in the accounting period but nevertheless files his return on the new basis, the Commissioner may disapprove the change and require the return to be filed on the old basis or accept the return on the changed basis, which constitutes approval of the change, and hold the taxpayer to it. *Jonas Cadillac Co.,* 16 B. T. A. 932, affd. 41 F. 2d 141; *Clark Brown Grain Co.,* 18 B. T. A. 937; *Linen Thread Co., Ltd.,* 14 T. C. 725, 732; *Bass* v. *Stimpson,* 20 T. C. 428, 433. Petitioners do not dispute the validity of the above rule, but rely upon the undisputed proposition that the Commissioner must compute the tax upon the basis of the old period, even though he may prefer to compute it upon the basis of the new period, if the taxpayer has not actually changed his accounting period.

*Brooklyn City Railroad Co.*, 27 B. T. A. 77, affd. (C. A. 2) 72 F. 2d 274; *Atlas Oil & Refining Corporation*, 17 T. C. 733. The answer to petitioners' first contention depends, therefore, upon whether they actually changed their individual accounting periods to the new basis.

Respondent based his determination of the deficiencies upon a finding that there was a change in each of the petitioners' accounting periods. The taxpayer has the burden of proving that the respondent's determination is invalid. *City Bank Farmers Trust Co., Executor*, 41 B. T. A. 1. The cases on this point are legion. See 9 Mertens, The Law of Federal Income Taxation (1943), sec. 50.61. As the record is completely silent concerning the books and accounting procedures and periods employed by the individual petitioners, it is manifest that the petitioners have not sustained their burden of proof and have not demonstrated that respondent's determinations of the deficiencies were made for an unauthorized period and, hence, were invalid.

Petitioners contend, in the alternative, that, if the short period from March 1, 1946, to December 31, 1946, is regarded as the correct taxable period, they should be allowed to compute the tax under section 47 (c) (2) rather than under section 47 (c) (1) of the Code.[1] We do not agree. Section 47 (c) (1) states the general rule for computing

---

[1] SEC. 47. RETURNS FOR A PERIOD OF LESS THAN TWELVE MONTHS.

(c) INCOME PLACED ON ANNUAL BASIS.—

(1) GENERAL RULE.—If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made (referred to in this subsection as "the short period"), shall be placed on an annual basis by multiplying the amount thereof by twelve, and dividing by the number of months in the short period. The tax shall be such part of the tax computed on such annual basis as the number of months in the short period is of twelve months.

(2) EXCEPTIONS.—If the taxpayer establishes the amount of his net income for the period of twelve months beginning with the first day of the short period, computed as if such twelve-month period were a taxable year, under the law applicable to such year, then the tax for the short period shall be reduced to an amount which is such part of the tax computed on the net income for such twelve-month period as the net income computed on the basis of the short period is of the net income for the twelve-month period. The taxpayer (other than a taxpayer to which the next sentence applies) shall compute the tax and file his return without the application of this paragraph. If the taxpayer (other than a corporation) was not in existence at the end of the twelve-month period, or if the taxpayer is a corporation and has disposed of substantially all its assets prior to the end of such twelve-month period, then in lieu of the net income for such twelve-month period there shall be used for the purposes of this paragraph the net income for the twelve-month period ending with the last day of the short period. The tax computed under this paragraph shall in no case be less than the tax computed on the net income for the short period without placing such net income on an annual basis. The benefits of this paragraph shall not be allowed unless the taxpayer, at such time as regulations prescribed hereunder require (but not after the time prescribed for the filing of the return for the first taxable year which ends on or after twelve months after the beginning of the short period), makes application therefor in accordance with such regulations. Such application, is case the return was filed without regard to this paragraph, shall be considered a claim for credit or refund with respect to the amount by which the tax is reduced under this paragraph. The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary for the application of this paragraph.

the tax for "the short period." Section 47 (c) (2) states the exception to the general rule and specifically provides:

The benefits of this paragraph shall not be allowed unless the taxpayer, at such time as regulations prescribed hereunder require (but not after the time prescribed for the filing of the return for the first taxable year which ends on or after twelve months after the beginning of the short period), makes application therefor in accordance with such regulations. * * *

Regulations 111, section 29.47–2 (c), prescribes the procedure for applying for the benefits of section 47 (c) (2). Petitioners did not make an application for the benefits of section 47 (c) (2) in accordance with the regulations, within "the time prescribed for the filing of the return for the first taxable year which ends on or after twelve months after the beginning of the short period," or otherwise. Therefore petitioners are not entitled to the benefits of that section. *Louis Visintainer*, 13 T. C. 805, affirmed on this point (C. A. 10) 187 F. 2d 519, certiorari denied 342 U. S. 858. It is immaterial that petitioners' failure to make proper application for the benefits of section 47 (c) (2) was due to the inadvertence of their accountant. As this Court stated in the *Visintainer* case, *supra* (13 T. C. at p. 811), "The filing of the application is a condition precedent which we have no authority to waive."

*Decisions will be entered for the respondent.*