HELVERING, Commissioner of Internal Revenue, v. BROOKLYN CITY R. CO.

No. 340.

Circuit Court of Appeals, Second Circuit.

July 16, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to the Atty. Gen., for appellant.

Sigourney B. Olney, of Brooklyn, N. Y., and Raymond B. Goodell, of New York City, for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

### L. HAND, Circuit Judge.

■ This is an appeal from (petition to review) an order of the Board of Tax Appeals which expunged a deficiency fixed by the Commissioner for the calendar year 1921. The taxpayer is a street railway, subject to the jurisdiction of the Public Service Commission of the State of New York, and on July 10, 1890, its executive committee and directors, in pursuance of a recent statute of the state requiring it to do so, fixed its fiscal year to end June thirtieth; and thereafter it made its reports to the commission on the basis of such a fiscal year. It did not however do the same in its income tax returns, but until 1930 filed these on the basis of the calendar year. In accordance with this practice, on or about March 15, 1922, it filed a return for the whole calendar year 1921, on which the Commissioner assessed a deficiency of $154,000, on August 6, 1926, for reasons not necessary to consider. On October 2 of that year it filed with the Board of Tax Appeals a petition to review this assessment; which it amended in April, 1931. In the amendment it insisted that its return should have been for the fiscal year ending June 30, 1921, in which event there would have been no deficiency; as the original petition is not in the record, we cannot know whether or not it took the same position also. The Commissioner contested the taxpayer's right to vary the period voluntarily selected by it; but the Board decided that the statute made compulsory the actual fiscal year, if there was one, and that neither the taxpayer, nor the Commissioner, had power to adopt any other. The Commissioner then appealed. Three questions arise. First, whether the books were in fact kept on a fiscal year basis; second, whether if they were, the return must follow the fiscal year; third, whether the taxpayer is estopped to raise the question for the first time on a petition to the Board to review the deficiency.

We have no doubt that the books were in fact kept on a fiscal year basis; and indeed, the Commissioner substantially conceded as much before the Board. Be that as it may, the books were themselves in evidence, and showed a closing date of June thirtieth in all cases. Specifically, the cash was balanced as of that date, and only then; this is also true of the "accounts receivable," the "suspense account," and the "general office building account." The "operating and maintaining" account was indeed kept on a quarterly basis, one quarter ending December thirty-first; but these quarterly balances were carried over to the profit and loss account, which was itself balanced only on June thirtieth, and was finally carried into the surplus account, where the significant entry appears, "To transfer debit balance of Profit and Loss a/c to Surplus a/c at termination of Fiscal year June 30th, 1921." The same entry was made for the next year. The surplus account was balanced as of June thirtieth. All this would be conclusive, even though we were hearing the cause de novo; after a finding by the Board it is quite beyond our review. The books being so kept, the statute required the return to be made as of the fiscal year and that alone. "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." Section 212, Revenue Act of 1921 (42 Stat. 237); Great West Printing Co. v. Com'r, 60 F.(2d) 749 (C. C. A. 8). The taxpayer had no election; section 226 (a) of 1921 (42 Stat. 251) refers only to a change in bookkeeping, not to a change in the period of the return, which must always conform with the books. The only remaining question, therefore, is whether the taxpayer's consistent but mistaken course of conduct has estopped it from raising the objection in its challenge of the deficiency assessed.

■ The Commissioner argues that the opportunity to reassess the income both before and after 1921 has long since expired, and that he has lost this right because he relied upon the return as filed. This he must prove, for estoppel is an affirmative defence. In the first place it does not appear that he did not have immediate access to all the books of the taxpayer in every year in which a return was filed; he may have actually examined them. Therefore the record does not establish an estoppel, even though we assume that a return for a calendar year indicated that the books are kept on that basis, as perhaps we should do. Again, nobody can say that if the income of the taxpayer had been assessed on a fiscal year basis from 1918 on, it would have been greater than that returned, except

276

for the omission of the last six months of 1921. A party invoking an estoppel must show that he has been damaged. As to the last six months of 1921, it does seem to be true that as things are, they have escaped taxation, but we cannot say that this is because the Commissioner was misled by the return for that year. He assessed the deficiency on August 6, 1926, more than four years after the return was filed (section 277 (a) (2) of the Act of 1926, 26 USCA § 1057 (a) (2); presumably his time to assess had been extended. The original petition to the Board to review the deficiency was filed on October 2, 1926, and that was within four years of the presumptive filing date of the return for 1922, which, being for a calendar year, would have been about March 15, 1923. The time to assess the income for the last six months of 1921 did not begin to run until then, because only then did the Commissioner have the facts on which to assess a tax for the fiscal year, July 1, 1921, to June 30, 1922. Paso Robles Mercantile Co. v. Com'r, 33 F. (2d) 653 (C. C. A. 9); Mann v. U. S., 44 F. (2d) 1005, 1010 (Ct. Cl.); United States v. National T. & E. Co., 45 F.(2d) 1005 (C. C. A. 5); National Shirt Shops v. U. S., 57 F. (2d) 925, 927 (Ct. Cl.). Not having before us the petition of October 2, 1926, we cannot assume that it did not raise this question; and it is therefore possible that the Commissioner was advised of the taxpayer's position in season to assess the income for the last six months of 1921. The burden being upon him to establish his defence, he fails.

Order affirmed