Lovejoy Patent Specialty Co., Inc. (In Liquidation) v. Commissioner.
Lovejoy Patent Specialty Co. v. Commissioner
Docket No. 20317.
United States Tax Court
1951 Tax Ct. Memo LEXIS 341; 10 T.C.M. (CCH) 71; T.C.M. (RIA) 51017; January 25, 1951
Jay T. McCamic, Esq., and Margaret F. Luers, Esq., for the petitioner. John J. Madden, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined deficiencies for the taxable years and in the amounts as follows: Declared
Value Excess
Excess
Taxable Years
Income Tax
Profits Tax
Profits Tax
May 1, 1943 to April 30, 1944
$602.87
$ 9,017.23
May 1, 1944 to Jan. 31, 1945
$999.09
13,413.95
With respect to the period May 1, 1944 to January 31, 1945 one assignment of error raises a question as to the correctness of respondent's determination of petitioner's tax liability on the basis of a short taxable year of nine months instead of a twelvemonths fiscal year. In view of our holding, set forth in *342 the opinion, as to petitioner's correct taxable period, it will not be necessary to enumerate herein the various assignments of error for the period in controversy. With respect to the fiscal year May 1, 1943 to April 30, 1944, petitioner assigns error in respondent's determination: (1) in disallowing $1,456.60 of the amount of $2,606.29 claimed as a deduction for New York franchise tax accrued in that year; and (2) in disallowing $4,967.71 of the amount of $8,144.42 claimed as a deduction for contributions made to petitioner's employees' pension plan in that year. At the hearing and on brief petitioner asserted that of the amount of $8,144.42 originally claimed as a deduction on its return for the fiscal year 1944 for contributions made to its employees' pension plan, the amount of $7,846.80 should be allowed as a deduction and only $297.62 should be disallowed. On brief, respondent concedes that petitioner is entitled to the deduction now claimed in the amount of $7,846.80 for the fiscal year ended April 30, 1944. Effect thereto will be given in the recomputation under Rule 50. We shall include in our findings of fact only those facts which are pertinent to the questions decided *343 herein. Findings of Fact The petitioner was incorporated under the laws of New York on or about August 1, 1935. Prior to and during the taxable years involved herein petitioner was engaged in manufacturing chaplets and other small articles and maintained its principal place of business at Hoosick Falls, New York. It kept its books on the accrual basis of accounting and on the basis of a fiscal year beginning May 1 and ending on April 30. Its tax returns, made on the same basis, were filed with the collector of internal revenue at Albany, New York. Pursuant to a plan to liquidate and dissolve, petitioner closed its books as of January 31, 1945, at which time it distributed to its sole stockholder its manufacturing business and principal assets, but retained its claim against the United States for a postwar refund of $7,000 or $8,000, and certain other claims for refunds. Also pursuant to that plan, petitioner filed an application dated January 31, 1945 for consent to dissolution with the New York Department of Taxation and Finance which denied its consent until petitioner had met all necessary statutory requirements. In reply to such denial petitioner advised the Department of *344 Taxation and Finance that it could not complete final liquidation under New York law until settlement of federal tax matters. On January 31, 1945, the petitioner had pending in this Court a proceeding, Docket No. 6235, involving a claim for relief under section 722 and asserted deficiencies in declared value excess-profits tax and excess profits tax for the fiscal year ended April 30, 1943. In such proceeding and upon stipulation of the parties this Court entered its decision dated June 5, 1946, that the petitioner therein was not entitled to section 722 relief and that there were no deficiencies and no overpayments in the taxes involved for that year. In June 1945 petitioner filed a corporation income and declared value excess-profits tax return and also a corporation excess profits tax return for the "fiscal year beginning May 1, 1944, and ending April 30, 1945". Each such return bore an additional notation, as follows: "FINAL RETURN. CORPORATION DISSOLVED JAN. 31, 1945". On petitioner's income tax return, "Schedule L - BALANCE SHEETS" was filled in for the beginning of the taxable year but was left blank for the end of the year because all its manufacturing and fixed assets *345 had been distributed in partial liquidation on January 31, 1945 and its remaining assets and liabilities were considered as being too indeterminate in amount to be set forth. The deficiencies involved herein for the period ending January 31, 1945 were not determined on the basis of the twelve-month fiscal year for which the return was filed, but instead were determined by respondent on the basis of a short taxable year of nine months beginning May 1, 1944 and ending January 31, 1945, for the purpose of determining proper accruals and for the purpose of placing petitioner's net income on an annual basis under section 711 (a) (3) (A), Internal Revenue Code, in computing petitioner's excess profits tax for a short taxable year of less than 12 months. During its fiscal year ended April 30, 1944, petitioner filed a New York franchise tax return reporting a net income of $43,438.16 for its preceding fiscal year 1943, the same amount as reported on its federal income tax return for fiscal 1943. Based on such preceding year's income and for the franchise tax year beginning November 1, 1943, petitioner reported a franchise tax of $2,606.29 which was accrued on its books *346 as a liability for its fiscal year ended April 30, 1944. Such franchise tax computed at six per cent on the reported net income, was assessed and was paid by petitioner in the amount of $2,606.29 on May 12, 1944. On petitioner's federal income tax return for the fiscal year 1944, it claimed a deduction of $2,606.29 for New York franchise and the respondent disallowed $1,456.60 thereof by reason of recomputing petitioner's New York franchise tax in the sum of $1,149.69 on the basis of proposed adjustments in petitioner's net income for the preceding fiscal year 1943, involved in the above-mentioned proceeding, Docket No. 6235. Opinion The respondent's determination of the asserted deficiencies for the short period, May 1, 1944 to January 31, 1945, was clearly erroneous. While the petitioner distributed its principal assets to its sole stockholder in partial liquidation on January 31, 1945, it thereafter had assets and disputed tax liabilities and, in fact, was not dissolved at the close of its fiscal year ended April 30, 1945. In June 1945 petitioner filed its income and excess profits tax returns for a full twelvemonth fiscal year beginning May 1, 1944 and ending April 30, 1945, which *347 was its correct taxable year. The additional notation on those returns that the corporation was dissolved on January 31, 1945 was clearly a misstatement, but even so that did not change the fact that the return was filed for a twelve-month fiscal year ending April 30, 1945 and therefore was in no way misleading to the respondent. We have heretofore We have heretofore held that the respondent has no authority to determine a tax deficiency for a fractional part of a taxpayer's correct taxable year (and this is so even where based on a wrong period shown in the return); that where respondent so determines a deficiency for an unauthorized period, there is no deficiency for such period; and that accordingly this Court will enter its decision for the taxpayer for the period in controversy. Columbia River Orchards, Inc., 15 T.C. 253 (No. 39); Oklahoma Contracting Corporation, 35 B.T.A. 232, 238; The Pittsburgh & West Virginia Railway Co., 32 B.T.A. 66, 72-73; affirmed April 19, 1933, (C.C.A. 3) without written opinion; Elgin Compress Co., 31 B.T.A. 273; and Mrs. Grant Smith, 26 B.T.A. 1178, 1187; dismissed October 31, 1933, (C. *348 A.D.C.) without written opinion. The facts in the instant case bring it within the rule announced in the above cited cases and clearly distinguish it from Harvey Coal Corporation, 12 T.C. 596; and Commissioner of Internal Revenue v. Forest Glen Creamery Co., 98 Fed. (2d) 968; reversing 33 B.T.A. 564, where it was found that in fact and law the deficiency notice was for the taxpayer's entire taxable year, and also distinguish it from California Brewing Assn., 43 B.T.A. 721; petition for review dismissed, 129 Fed. (2d) 321, where under the facts the taxpayer was held estopped to claim a taxable period other than as determined in the deficiency notice. We hold that there are no deficiencies for the period May 1, 1944 to January 31, 1945 and, accordingly, decision will be entered for petitioner for that period here in controversy. With respect to the fiscal year ended April 30, 1944 the parties are now in agreement that petitioner is entitled to a deduction of $7,846.80 as a contribution made to its employees' pension plan, thus disposing of one issue and leaving only the issue involving the franchise tax deduction for *349 our redetermination for that fiscal year. There is no dispute herein as to New York franchise tax constituting an allowable deduction from gross income and the only question presented is the correct amount deductible for fiscal year 1944. On brief, respondent concedes that petitioner is entitled to a deduction in the fiscal year ending April 30, 1944 for the New York franchise tax based on the petitioner's net income for its fiscal year 1943. However, respondent contends that petitioner is not entitled to deduct the full amount of $2,606.29 as claimed, but only the amount of $1,149.69 as readjusted and determined by him based on a computation of a franchise tax at six per cent of a net income of $19,161.43 for the petitioner's previous fiscal year 1943. The record herein discloses that for the franchise tax year beginning November 1, 1943 petitioner reported a franchise tax of $2,606.29 based on a reported net income of $43,438.16 for federal income tax purposes for its previous fiscal year 1943 and that its liability for such franchise tax was not disputed but was accrued on its books during fiscal 1944, was assessed by New York tax authorities, and was actually paid on May 12, 1944. On *350 this record, we conclude that the undisputed amount of the New York franchise tax for the franchise tax year beginning November 1, 1943 was in the sum of $2,606.29 as contended by petitioner and, based on respondent's concession (except as to amount) that a deduction therefor is allowable for the fiscal year ending April 30, 1944, we hold that respondent erred in disallowing $1,456.60 of the deduction of $2,606.29 claimed on the return for that fiscal year. Cf. H. O. Boehme, Inc., 15 T.C. 247 (No. 38). Decisions will be entered: Under Rule 50 for the fiscal year, May 1, 1943 to April 30, 1944; and for the petitioner for the period, May 1, 1944 to January 31, 1945.