OPINION. Opper, Judge: The simple conclusion would ordinarily be inescapable that under section 41, Internal Revenue Code,[1] petitioner was required to file its tax returns on the basis upon which its books of account were actually maintained. Helvering v. Brooklyn City R. Co. (C. A. 2), 72 F. 2d 274; Great West Printing Co. v. Commissioner (C. A. 8), 60 F. 2d 749; Estate of Cyrus H. K. Curtis, 36 B. T. A. 899; James H. Silcox, 12 B. T. A. 748. The present situation is complicated by the fact that petitioner actually filed its returns for the periods in controversy on the basis of a fiscal year ending November 30, and presumably on that theory respondent has determined these deficiencies accordingly. He urges that petitioner adopted the fiscal year system in the first return filed by it after its creation, thus making a valid election to employ a fiscal year and, also, that in fact, its books were kept not on a calendar but on a fiscal year basis. The first statement must yield to the circumstances that under respondent’s own rulings petitioner’s fiscal year return, although actually its first, was too late to create any implied request for or acceptance of a fiscal year return method. Regulations 111, sections 29.41-4 and 29.52-1; O. D. 404, 2 C. B. 67 (1920); O. D. 1120, 5 C. B. 233 (1931); I. T. 3466,1941-1 C. B. 238. Under these rulings, by the time that return was filed, a report for the prior year was due either on a calendar or a fiscal year basis as the facts might warrant; if a fiscal year, the return should have been filed for the few days between petitioner’s incorporation and December 1 of the following fiscal year; if a calendar year, the return should have been filed for the period through December 31 of its year of incorporation. In neither event, as respondent himself has ruled, did it commence its reporting sufficiently early to constitute it an adoption of the fiscal year system. S.ee O. D. 404, supra; I. T. 3466, supra. It seems to be beyond contradiction that petitioner’s books were actually closed at the end of the calendar year and at no other time. Respondent seeks to disregard this because of its manifest origin in Interstate Commerce regulations. See Kansas City Southern Railway Co. v. Commissioner (C. A. 8), 52 F. 2d 372, certiorari denied 284 U. S. 676. But while it may be quite true that the Interstate Commerce Commission “has no power to direct how our revenue laws * * * shall be interpreted or * * * to govern the taxing authorities,” the fact that books are kept in accordance with its regulations cannot eliminate the significance of the books themselves, particularly in such a proceeding as this one where the ultimate solution must rest upon the manner in which the books were actually maintained. If anything, it is the audit reports assembled annually for the apparent purpose of producing the figures upon which the tax returns could be based that must be cast aside in any examination of the petitioner’s actual system of accounting. These reports were not a part of its books and are not adequate for us to conclude that it was either on a fiscal year basis or that, as respondent insists, it maintained a double set of accounts. Based upon the books of account themselves and the date as of which they were customarily closed out and the balances transferred, petitioner’s accounting period was manifestly brought to a close only once each year and that was on December 31st. We couple this with the rule that “the taxpayer had no election; section 226 (a)[2] * * * refers only to a change in bookkeeping, not to a change in the period of the return which must always conform with the books,” Helvering v. Brooklyn City R. Co., supra; and with the fact that respondent expressly disavows any suggestion of estoppel. Under those circumstances and in the absence of any showing that a different system of accounting has ever been requested by petitioner or permitted by respondent, no other conclusion is possible but that the deficiencies were incorrectly determined on a fiscal year basis. Helvering v. Brooklyn City R. Co., supra; San Francisco Hotel Co., 19 B. T. A. 383; James H. Silcox, supra. Reviewed by the Court. Decision will be entered for the petitioner. SEC. 41. GENERAL RULE. The net income shall be computed upon the basis of the taxpayer’s annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer’s annual accounting period 1b other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. * « ♦ Revenue Act of 1921, corresponding to section 46, Internal Revenue Code. 17 T. C.