MILES PRODUCTION COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16543-88.     Filed April 2, 1991.

*O. Jan Tyler,* for the petitioner.
*Mark B. Barta,* for the respondent.

## OPINION

GOFFE, *Judge:* The Commissioner determined deficiencies in petitioner's windfall profit tax under section 4986,[1] for the calendar years 1981 and 1982 and additions to tax for those years as follows:

| Calendar year | Deficiency in tax | Additions to tax | |
|---|---|---|---|
| | | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
| 1981 | $133,235.88 | $6,661.79 | * |
| 1982 | 78,411.80 | 3,920.59 | * |

*50 percent of the interest due on $133,235.88 for the calendar year 1981 and on $78,411.80 for the calendar year 1982.

The issue to be decided is whether a statutory notice of deficiency for windfall profit tax based upon a calendar year is valid when petitioner files its Federal income tax returns on the basis of a fiscal year ended June 30 and, if valid, whether assessment of additional windfall profit tax is barred by expiration of the periods of limitation on assessment. This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction. Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference.

Petitioner was incorporated under the laws of the State of Texas in 1959 and its principal place of business when it filed its petition was Dallas, Texas. Petitioner filed its Federal income tax returns on the basis of its fiscal year ended June 30. Petitioner timely filed its Federal corporate income tax return (Form 1120) for the taxable year ending June 30, 1981. It attached to its return Form 6249, Computation of Overpaid Windfall Profit Tax, on which it claimed a credit for overpayment of windfall profit tax in the amount of $39,573.45. Of that amount, $27,675.04 was claimed as "Overpayment due to Withholding Error," and $11,898.41 as "Overpayment Resulting from the Net Income Limitation." The properties for which the net income limitation (hereinafter referred to as NIL) was claimed were identified on part V of Form 6249, and part V also

---

[1]Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years 1981 and 1982, and Rule numbers refer to the Rules of Practice and Procedure of this Court.

contained computations of the NIL for each property. All of the NIL was claimed for the full fiscal year from July 1, 1980, to June 30, 1981.

On October 25, 1983, petitioner filed an amended income tax return for its taxable year ending June 30, 1981, claiming a refund for windfall profit tax in the amount of $182,293.10 based upon application of the NIL. The amended return included page 2 of Forms 6249 which is part V of the form. Separate pages 2 were filed for the periods from July 1, 1980, to December 31, 1980, and January 1, 1981, to June 30, 1981. Each property on which the NIL was claimed was identified on the pages 2, and the pages 2 contained computations of the NIL for each property. The Commissioner allowed the refund in full.

Petitioner timely filed its Federal income tax return for the taxable year ending June 30, 1982. It attached to that return the appropriate copies of Forms 6248, "Annual Information Return of Windfall Profit Tax," which reflect petitioner's tax liability and the amount of windfall profit tax withheld by each oil purchaser. In addition, petitioner attached Form 6249 on which petitioner claimed a credit for overpayment of windfall profit tax in the amount of $16,497.90. Of that amount, petitioner claimed $15,190.96 as resulting from withholding in excess of its tax liability and $1,306.94 as resulting from application of the NIL. The property for which the NIL was claimed was identified on part V of the Form 6249, and part V also contained a computation of the NIL for that property.

On November 21, 1983, petitioner filed Claim for Refund (Form 843), with attached Form 6249, for the 6-month period July 1, 1981, to December 31, 1981, claiming a refund in the amount of $60,130.66 for windfall profit tax based upon application of the NIL. The Forms 6249 identified the properties on which the NIL was claimed and computations for each property.

On November 21, 1983, petitioner also filed Claim for Refund (Form 843), with attached Form 6249, for the 6-month period January 1, 1982, to June 30, 1982, claiming a refund in the amount of $32,713.88 for windfall profit tax based upon application of the NIL. The claim for refund included page 2 (part V) of Forms 6249 which reflected the

properties on which the NIL was based with computations for each property. The Commissioner allowed in full both of the claims for refund filed on November 21, 1983.

Petitioner timely filed its Federal income tax return for the taxable year ending June 30, 1983. It did not attach Forms 6248 or 6249 to that return. On February 10, 1984, petitioner filed Claim for Refund (Form 843), with attached Form 6249, claiming a refund of $56,074.46 for the 6-month period July 1, 1982, to December 31, 1982, for windfall profit tax based upon application of the NIL. The claim for refund included page 2 (part V) of Forms 6249 which reflected the properties on which the NIL was based with computations for each property. The Commissioner allowed the claim for refund in full.

On April 8, 1988, the Commissioner mailed a statutory notice of deficiency to petitioner for the calendar years 1981 and 1982. In the statutory notice, the Commissioner determined deficiencies in windfall profit tax, and the adjustments pertain only to the NIL. The statutory notice made no adjustments to the income tax liabilities of petitioner. The statutory notice identified the properties on which an adjustment was made to the NIL, including the allowance of the NIL on a property which petitioner had not claimed. The notice reflected the amount of the NIL as reported on the income tax return, amended income tax return, and claims for refund, as well as the amount of the NIL as determined by the Commissioner. The amounts of the NIL as reported and the amounts as determined were set forth in 6-month increments from January 1 to June 30 and from July 1 through December 31. Such amounts were then combined to show the amounts as filed, as corrected, and as adjustments on the basis of calendar years.

The statutory notice identified each of the properties on which the Commissioner adjusted the NIL by the name of the property. The amount of the NIL which petitioner claimed for each property on the amended return and the claims for refund corresponded to the amounts of NIL identified as "as reported" in the statutory notice.

After the case was at issue, petitioner filed its motion to dismiss for lack of jurisdiction. In its motion, petitioner contends that the statutory notice of deficiency mailed by

the Commissioner is invalid because it is based upon calendar years rather than petitioner's taxable years for income tax purposes, i.e., July 1, 1981, to June 30, 1982. In addition, petitioner contends that if the statutory notice is not invalid because it was issued for the incorrect taxable periods, it is, nevertheless, invalid because it was issued after expiration of the periods of limitation on assessment. This is not a plea to the Court's jurisdiction but is, instead, a defense on the merits. See, e.g., *Woods v. Commissioner,* 92 T.C. 776, 787 (1989). In substance, petitioner's motion, in this regard, will be treated as a motion for summary judgment.

In order to appreciate the requirements of filing returns for purposes of windfall profit tax and the interplay with income tax, it is necessary to explain some of the concepts indigenous to the windfall profit tax. The windfall profit tax is imposed upon and is to be paid by the "producer" of crude oil, as the producer is the holder of the economic interest. Secs. 4986(b), 4996(a)(1)(A).

Petitioner is a producer for purposes of imposition of the windfall profit tax. Although the producer is liable for the tax, the first purchaser of the oil is required to withhold the windfall profit tax from amounts payable by such purchaser to the producer. Sec. 4995(a). The tax shall not, however, exceed 90 percent of the "net income" attributable to each barrel of oil. Sec. 4988(b)(1). This is known as the NIL and requires computation of the net income attributable to each barrel of oil for each property. *Shell Oil Co. v. Commissioner,* 89 T.C. 371, 383 (1987), supplemented by 90 T.C. 747 (1988).

If the withholding of windfall profit tax is inadequate, the producer must file a return for a calendar year. Sec. 51.4997-1(a)(2), Excise Tax Regs. If the tax withheld exceeds the windfall profit tax liability of a producer, the excess withheld may be claimed as a credit against the producer's Federal income tax by attaching to its income tax return copies of all Forms 6248 received from first purchasers and a Form 6249, Computation of Overpaid Windfall Profit Tax. As an alternative, the producer may claim a refund by attaching the Forms 6248 and Form 6249 to a standard claim for refund, Form 843. Sec. 51.6402-1,

Excise Tax Regs.; *Page v. Commissioner*, 86 T.C. 1, 6 (1986).

Petitioner did not file annual returns with respect to its windfall profit tax liabilities for calendar years or fiscal years. According to the returns and forms that it filed, the withholding of tax exceeded its respective liability and, under such circumstances, annual returns of windfall profit tax were not required.

Petitioner contends that the correct taxable periods for its liabilities for windfall profit tax are its taxable years for income tax purposes and, because the statutory notice is based upon calendar years, the statutory notice is invalid and we have no jurisdiction. Petitioner points out that computation of the NIL is based upon the taxable year of the taxpayer, not a calendar year.

Respondent argues that we previously held that the taxable period for windfall profit tax is a calendar year in *Page v. Commissioner, supra*. That is the holding of *Page* but only as to the facts and the issue presented in *Page*. The issue in *Page* was whether the correct taxable period for windfall profit tax purposes was a quarter of a calendar year or an entire calendar year. The statutory notice of deficiency in that case was based upon the calendar year 1980. There was no contention that the taxpayer reported its liability for windfall profit tax or income tax on a taxable year other than a calendar year.

There is a controlling body of case law in this Court which holds, in general, that we do not have jurisdiction if the statutory notice of deficiency is based upon incorrect taxable periods. In *Elgin Compress Co. v. Commissioner*, 31 B.T.A. 273 (1934), the taxpayers filed their income tax returns on the basis of a fiscal year from May 1 to April 30. They filed what they considered to be final returns for the period from May 1, 1927, to July 30, 1927. The Commissioner determined that they failed to report gain from the sale of property in September 1927 but the inclusive dates of the statutory notices of deficiency were May 1, 1927, to July 30, 1927. We held the corporations were in liquidation after July 30, 1927; therefore, the returns were not proper. Because the returns were improper, the statutory notices of

deficiency were not proper and we entered decisions in favor of the taxpayers.

In *Atlas Oil & Refining Corp. v. Commissioner,* 17 T.C. 733 (1951), the taxpayer adopted a fiscal year ending on November 30. When it acquired an interstate pipeline system it became subject to regulation by the Interstate Commerce Commission (ICC). The ICC required the taxpayer to file annual reports on the basis of a calendar year. The outside accounting firm employed by the taxpayer audited its books and submitted audit reports based upon its fiscal year ending each November 30. The subsidiaries of the taxpayer reported income and maintained their accounts on the basis of fiscal years ending on November 30 and the audit reports of their operations were included in the audit reports of the taxpayer. The taxpayer filed consolidated income tax returns for the taxable years ended November 30, 1942, November 30, 1943, November 30, 1944, and November 30, 1945.

In 1947, the taxpayer and its subsidiary filed returns for the calendar year 1946 based upon advice from the internal revenue agents who examined the returns for previous years. The advice was based upon the conclusion that the calendar year was proper because the regulation by the ICC required reports on a calendar year. The Commissioner mailed a statutory notice of deficiency to the taxpayer for the fiscal years ended November 30, 1942, and November 30, 1943. The taxpayer never applied for permission to file its returns on its fiscal year ended November 30. We held that because the books and records of the taxpayer were maintained on the basis of a calendar year, the deficiencies determined in the statutory notice were incorrectly determined on a fiscal year, and we entered a decision in favor of the taxpayer. We pointed out that the Internal Revenue Code at that time required a taxpayer to file its annual income tax returns on the same basis that it maintained its books and records.

In *Sanderling, Inc. v. Commissioner,* 66 T.C. 743 (1976), affd. 571 F.2d 174 (3d Cir. 1978), the Commissioner mailed a statutory notice of deficiency to the taxpayer covering the taxable year ended February 28, 1969, although the taxpayer was dissolved on January 22, 1969. The taxpayer

contended that we had no jurisdiction because the statutory notice was based upon an incorrect taxable year. We held that we did have jurisdiction because the statutory notice, although for the wrong taxable period, nevertheless covered the entire final period of the taxpayer's operations.

In *Burford v. Commissioner*, 76 T.C. 96 (1981), affd. without published opinion 786 F.2d 1151 (4th Cir. 1986), the Commissioner mailed a statutory notice of deficiency to the taxpayer for the "tax year ended December 31, 1976." The taxpayer contended that the notice was improper because the gift tax is based upon quarterly periods. We held that we had jurisdiction over the case. We pointed out that where the notice covered an entire calendar year which included the taxable quarter which was the proper taxable quarter and the taxpayer was not misled, the notice is a valid determination of the taxpayer's liability. We went on to point out that the transactions which triggered imposition of the gift tax were specifically enumerated in the statutory notice and that they occurred during the period covered by the statutory notice.

*Century Data Systems, Inc. v. Commissioner*, 80 T.C. 529 (1983), involved a taxpayer parent corporation which maintained its books and records on the basis of calendar years and filed its corporate income tax returns on the same basis. When it acquired a subsidiary corporation it filed a short period return and filed a consolidated return with its subsidiary on the basis of a fiscal year ended June 30. The Commissioner issued a statutory notice of deficiency based upon fiscal years ended June 30. The taxpayer moved to dismiss for lack of jurisdiction because the statutory notice was not based upon the correct taxable periods, relying upon *Atlas Oil & Refining Corp. v. Commissioner, supra.*

The Commissioner countered with the argument that *Atlas* was impliedly overruled by our decision in *Sanderling, Inc. v. Commissioner, supra.* We distinguished the holdings in the two cases and reaffirmed our holding in *Atlas,* pointing out that the Commissioner has no authority to issue a statutory notice of deficiency for a period less than a taxpayer's full taxable year. We reaffirmed that under section 6214(b) the Tax Court has no jurisdiction to

determine a deficiency for any taxable year other than a taxpayer's correct taxable year.

Applying the rationale of the case law to the facts of this case is not as clear cut as it would be if we were dealing only with windfall profit tax or only with the income tax. It is undisputed that petitioner filed its income tax returns on the basis of a fiscal year ended June 30. Its amended income tax return for the taxable year ended June 30, 1981, and its claims for refund which the Commissioner adjusted in the statutory notice of deficiency are all identifiable with calendar 6-month periods commencing on January 1 and July 1. The returns, amended return, and claims for refund were filed for correct taxable periods.

Petitioner, as a producer of crude oil, is required to know the amount of windfall profit tax paid (or not paid) for each quarter of a calendar year in order to determine whether it is required to file an annual return. Sec. 51.4997-1(a)(2), Excise Tax Regs. In this case, petitioner overpaid the tax and requested a refund rather than file a return based upon a calendar year, as would have been required had petitioner owed additional tax. Petitioner objects to the statutory notice because it is based upon calendar years, but, at the same time, petitioner claims overpayments of tax, due to the NIL, on the basis of 6-month periods (2 quarters) within each of the calendar years for which the statutory notice was issued.

The statutory notice based upon calendar years provided proper notice to petitioner of the deficiencies in tax determined by the Commissioner. We are not deprived of jurisdiction in this case because of the distinction between a calendar year statutory notice and a taxpayer who uses a fiscal year for income tax purposes. The windfall profit tax scheme utilizes a quarter system for much of its recordkeeping. See secs. 51.4996-1(e), 51.4997-1(a)(2), 51.6076-1, Excise Tax Regs. It so happens that petitioner's tax year for income tax purposes is fiscal rather than calendar, but this did not prevent petitioner from reconciling the quarters from its returns with the statutory notice covering 1981 and 1982, as it did when calculating the overpayments of income tax on its amended return and claims for refund. The adjustments in the statutory notice

are directly traceable to the amended return and the claims for refund on the basis of the 6-month periods. The 6-month periods are combined in the statutory notice of deficiency to create calendar years.

Petitioner argues that the computation of the NIL is, by statute, based upon a "taxable year," citing section 4988(b), and that under section 7701(a)(23), taxable year is defined as the fiscal year upon which taxable income is computed for income tax purposes. This position is correct but the NIL is a *limit* on the amount subject to the tax; it is not a computation of the tax itself. *Transco Exploration Co. v. Commissioner,* 95 T.C. 373, 376 (1990).

Petitioner complains that the Commissioner's use of the calendar year requires reallocation of income, depletion, and other deductions between two separate taxable periods, creating a burden on the taxpayer. That may be true in some cases but it is not true here. The NIL's giving rise to the refunds were based upon such allocations for 6-month increments which were used in the statutory notice. Either petitioner's records are maintained in such a manner to reflect these 6-month periods or petitioner made the necessary allocations to file the amended return and claims for refunds on such periods.

The "bottom line" is that the statutory notice of deficiency was detailed and it adjusted the NIL on the properties for the periods covered by the forms (amended return and claims for refund) which petitioner filed with the Internal Revenue Service and the forms which were filed were for the correct taxable periods.

In holding that we had jurisdiction in *Burford v. Commissioner, supra* at 100, we pointed out that the taxpayer was not misled by the statutory notice. We make the same observation in the instant case. Under the rationale of the case law which we discussed above we hold that we have jurisdiction in this case. We do not hold that we would necessarily find jurisdiction if the statutory notice were not so detailed and traceable to the forms filed by the taxpayer or if the forms filed by the taxpayer were for improper taxable periods. But here, the taxpayer encounters no difficulty in ascertaining the specific NIL computation that is being adjusted in the statutory notice of deficiency.

Our holding that we have jurisdiction to redetermine the deficiencies leaves us with the remaining question as to whether the periods of limitation on assessment expired before the statutory notice of deficiency was mailed.

On February 26, 1985, an officer of petitioner executed a Special Consent to Extend the Time to Assess Tax (Form 872-A) on behalf of petitioner and on February 28, 1985, the form was executed on behalf of the Commissioner of Internal Revenue. The form described the tax as "any Federal Windfall Profit Excise (Chapter 45) tax due on any return(s) made by or for the above taxpayer(s) for the crude oil that was removed during the four taxable periods of the calendar year ended December 31, 1981."

On November 1, 1985, an officer of petitioner executed a Special Consent to Extend the Time to Assess Tax (Form 872-A) on behalf of petitioner and on November 11, 1985, the form was executed on behalf of the Commissioner of Internal Revenue. The form described the tax as "any Federal Windfall Profit Excise (Chapter 45) tax due on any return(s) made by or for the above taxpayer(s) for * * * the taxable periods of the calendar year ended December 31, 1982."

The consents were executed on behalf of both petitioner and respondent before the respective periods of limitation expired with respect to the calendar years 1981 and 1982. The statutory notice of deficiency was mailed on April 8, 1988. There is no evidence nor is there any contention that the period of limitations was terminated by either party prior to the mailing of the statutory notice of deficiency.

Petitioner contends that the periods of limitation expired before the mailing of the statutory notice of deficiency because the consents covered improper taxable periods. We disagree. They covered the taxable periods covered by the statutory notice of deficiency. There is no evidence that petitioner objected to the language used in the consents. Because we have held that we have jurisdiction conferred upon us by the statutory notice of deficiency based upon calendar years, we likewise hold that the consents extending the periods of limitation are valid.

*An appropriate order will be issued.*